IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BEVERLY E. KRUEGER,
      Plaintiff,

vs.
                                    CASE NO.: 1:10-CV-00128-SPM

NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,
      Defendant.

_____/

## ORDER DENYING MOTION TO REMAND

THIS CAUSE comes before the Court upon Plaintiff's "Motion to Remand" (doc. 6 ) filed July 28, 2010, and memorandum in support thereof (doc. 7). The Court has also considered the arguments raised in Defendant's Memorandum in Opposition to Motion to Remand (doc. 8) and all attachments and exhibits in support thereof. For the following reasons, the Court finds the motion to remand must be denied.

### BACKGROUND

This case is an action involving annuity policies issued by Defendant prior to 1985 that were sold through Defendant's independent contractor agents in all fifty states. The annuity contracts provided policyholders with a share of Defendant's divisible surplus, called "dividend." Plaintiff brought this action on behalf of purchasers of annuity policies and alleges that Defendant breached the annuity contracts and breached the fiduciary duties to the policyholders when Defendant changed the methodology for allocating dividends beginning in 1985. The Parties indicated that a certified class of Wisconsin residents pursues a parallel lawsuit, initiated

by a Wisconsin annuitant, against Defendant. Although this case was originally filed in Florida circuit court, Defendant removed the case to federal court, claiming that this action has met requirements for removal to federal court under the Class Action Fairness Act [*hereinafter* CAFA], 28 U.S.C. § 1332(d)(2). Plaintiff now seeks to remand the case.

**ANALYSIS**

CAFA broadens the federal diversity jurisdiction statute, 28 U.S.C. § 1332, by establishing lower threshold requirements for jurisdiction and abrogating long-established precedent. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1193 (11th Cir. 2007). Subject to certain exceptions, § 1332(d)(3) to (5), CAFA provides federal courts with jurisdiction over class actions provided that: (1) any member of the plaintiff class is diverse from any defendant, § 1332(d)(2); (2) the aggregate of the claims of individual class members exceeds $5 million exclusive of interests and costs, § 1332(d)(2), (6); and (3) the number of plaintiffs in all proposed plaintiff classes exceeds one hundred, § 1332(d)(5)(b); Lowery, 483 F.3d at 1193-94; see also Miedema v. Maytag Corp., 450 F.3d 1322, 1327 (11th Cir. 2006); Evans v. Walter Indus., Inc., 449 F.3d 1159, 1163 (11th Cir.2006). CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction. Evans, 449 F.3d at 1164 (quoting Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7the Cir. 2005)); see also Miedema, 450 F.3d at 1328.

Plaintiff is a resident and citizen of the State of Florida; Northwestern is a Wisconsin mutual insurance corporation with its principal place of business in Wisconsin. The Complaint does not seek a specific amount of damages. Defendant's Affidavit (exhibit 4) attached to Defendant's Notice of Removal (doc. 1) states that damages claimed in the Complaint would be more than $ 5 million. Plaintiff alleges two putative classes: a Florida-resident "State Class" and

a "National Class" of Northwestern annuity policyholders, and that "the members of each of the Classes number in excess of one thousand." As the minimum diversity of citizenship exists between the parties, the amount in controversy exceeds $ 5 million, and the number of class members exceeds one hundred, the requirements of 28 U.S.C § 1332(d) are satisfied.

Plaintiff argues, relying on 28 U.S.C. § 1332(d)(9)(B) that this action should be remanded to the state court because the "internal affairs" exception to CAFA specifically excludes federal jurisdiction over this action (doc. 6). Following removal of a case to federal court, plaintiff can seek remand of an action back to state court. See 28 U.S.C. 1447(c). The Eleventh Circuit Court of Appeals has specifically decided that when a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, the party seeking remand bears the burden of proof with regard to that exception. See Evans, 449 F.3d at 1164; see also PHLD P'ship v. Arch Specialty Ins. Co., 565 F. Supp. 2d 1342, 1343 (S.D. Fla. 2008). Neither the Supreme Court of the United States nor the Eleventh Circuit Court of Appeals has specifically decided whether the "internal affairs" exception to CAFA should be narrowly construed. However, the Eleventh Circuit Court of Appeals has states that CAFA's language favors federal jurisdiction over class actions. Evans, 449 F.3d at 1163 (quoting S.Rep. No. 109-14 at 42, U.S.Code Cong. & Admin. News 3, 40)("The language and structure of CAFA itself indicates that Congress contemplated broad federal court jurisdiction . . . with only narrow exceptions.").

The internal affairs exception is found at 28 U.S.C. § 1332(D)(9)(b) and provides:
> Paragraph (2) shall not apply to any class action that solely involves a claim-
>
> . . .
>
> (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of

3

> the laws of the State in which such corporation or business enterprise is incorporated or organized[.]

Thus, the internal affairs exception precludes federal jurisdiction over class action only if two conditions are met::the class action <u>solely</u> involves a claim (1) that relates to corporate internal affairs; <u>and</u> (2) that arises under the laws of the state where the company is incorporated. 28 U.S.C. § 1332(D)(9)(b). "The internal affairs doctrine is a conflict of laws principle, which recognizes that only one State should have the authority to regulate a corporation's internal affairs-matters peculiar to the relationships . . . -because otherwise a corporation could be faced with conflicting demands." <u>Edgar v. MITE Corp.</u>, 457 U.S. 624, 645 (1982).

Plaintiff argues that this action solely involves a claim that arises under the laws of Wisconsin, because Defendant as a Wisconsin mutual company must comply with Wisconsin statutes, because provisions of Wisconsin statutes are the basis for receiving a share of Defendant's divisible surplus, and because Defendant's obligations under annuity contracts also arise under Wisconsin insurance laws; therefore, it would be irrational to suggest any other law other than Wisconsin's would apply.

However, under identical circumstances, the courts in Wisconsin, the state with the interest in Defendant's internal affairs, have already determined that state laws other than Wisconsin apply to this dispute. <u>See</u> <u>Noonan v. Northwestern Mut. Life Ins. Co.</u>, Appeal No. 2005AP1653 ¶ 18-19 (Wis. App. 2005). In the parallel lawsuit, the Wisconsin trial court denied motion for nationwide class certification, which was affirmed by the Wisconsin Court of Appeals. <u>Id.</u> ¶ 18-19. The Court of Appeals upheld the lower court's decision, based in part on the lower court's recognition that the laws of many states could govern the claims, thus rendering the action unmanageable. <u>See id.</u> ¶ 7. More precisely, the Court of Appeals held that the breach of

fiduciary duty laws of Wisconsin do not clearly apply to all national class members' claims. Id. ¶ 18. The Court of Appeals likewise found that multiple states laws may apply to the same breach of contract claims Plaintiff has asserted on behalf of the national class. Id. ¶ 19.

At this time it is not clear that solely Wisconsin law would apply to the claims asserted by Plaintiff on behalf of putative class members. Thus, this Court adopts the Wisconsin courts determination that laws other than Wisconsin may apply to claims asserted by Plaintiff on behalf of a national class .Based on this finding, the Court need not reach the arguments presented as to whether claims relate to corporate internal affairs. Since multiple state laws may apply to the same claims asserted by the Plaintiff on behalf of the class, the "internal affairs" exception does not preclude federal jurisdiction over this action.

## **CONCLUSION**

After careful consideration, the Court concludes that Defendant's removal of the case was not precluded by 28 U.S.C. § 1332(D)(9)(b). Consequently, because the requirements of 28 U.S.C. § 1332(d) are satisfied, Plaintiff's motion to remand is **DENIED**.

**SO ORDERED** this ninth day of November, 2010.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge