IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BEVERLY E. KRUEGER,
    Plaintiff,

vs.                              CASE NO.: 1:10-CV-00128-SPM

NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,
    Defendant.

_____/

## ORDER DENYING MOTION FOR CLASS CERTIFICATION

THIS CAUSE comes before the Court upon Plaintiff's Motion for Class Certification (doc. 30) and attached memoranda (docs. 31-36). Defendant has filed a response in opposition (doc. 37) and an affidavit in opposition (doc. 38). For the following reasons, the Court finds that the Motion for Class Certification must be denied.

### FACTUAL BACKGROUND

This case is an action involving annuity policies issued by Defendant prior to 1985 that were sold through Defendant's independent contractor agents in all fifty states. The annuity contracts provided policyholders with shares of Defendant's divisible surplus, called "dividends." Two types of annuity contracts are involved in this dispute: the Single Premium Retirement Annuity and the Flexible Premium Annuity. The complaint alleges that Defendant unilaterally and unlawfully changed the nature of the

annuities and treated them like subsequently issued no-dividend annuities, by annually crediting the annuities with interest earned on a short-term bond while no longer crediting genuine dividends to the accounts. Plaintiff, a Florida resident who purchased an annuity policy from Defendant while a resident of Wisconsin, brought this action on behalf of purchasers of annuity policies currently residing in Florida and alleges that Defendant breached the annuity contracts and breached the fiduciary duties to the policyholders when Defendant changed the methodology for allocating dividends beginning in 1985.

Relevant to the instant motion are two Wisconsin cases also involving the Defendant's alleged misconduct in calculating dividend payments due to policyholders of certain annuity contracts. In <u>Noonan v. Northwestern Mutual Life Insurance Company</u>, the Circuit Court of Milwaukee County denied a motion to certify a national class asserting claims of breach of contract and breach of fiduciary duty, determining that such an action would be unmanageable pursuant to state law. <u>Noonan v. Northwestern Mut. Life Ins. Co.</u>, Case No. 01-CV-12349 (Milwaukee Cty. Cir. Ct. 2005) (doc. 37-5). The Wisconsin Court of Appeals affirmed, specifically deciding that Wisconsin law would not clearly apply to each aspect of the class action and noting that "the potential application of differing state laws to the interpretation of the contracts at issue contributed to the unmanageability of a class action." <u>Noonan v. Northwestern Mut. Life Ins. Co.</u>, Appeal No. 2005AP1653, 2006 WL 3314622, at *6, ¶ 19 n.12 (Wis. App. 2005). The Wisconsin Court of Appeals also noted that varying state laws related to the availability and analysis of the breach of fiduciary duty claim, and differing applicable statutes of limitations would be obstacles to manageable class certification.

Subsequently, the Circuit Court of Milwaukee County also denied the certification of a Wisconsin-only damages class.

On March 7, 2011, the Circuit Court of Milwaukee County issued a decision in <u>LaPlant v. Northwestern Mutual Life Insurance Company</u>, Case No. 08-CV-11988, a declaratory judgment class action involving the same dispute. Notably, the class was limited to persons who were Wisconsin residents when they purchased the annuities. <u>See</u> Complaint (doc. 23, ¶ 9).  Following a two-week bench trial, the court determined that Defendant committed breach of contract and breach of fiduciary duty under Wisconsin state law. (Doc. 32).

In this motion, Plaintiff seeks to certify the following Florida class:

> All persons who (a) purchased an Annuity prior to March 1985 which was still in force as of January 1, 1985, (b) either were residents of the State of Florida at the time of purchase or currently reside in the State of Florida, and (c) did not specifically consent, in writing, to limit or surrender their right to genuine participation in Northwestern's divisible surplus during the time that they owned the Annuities, and their successors in interest. Excluded from this Class are any of Northwestern's officer, employees, family members, or affiliates.

**LEGAL STANDARD AND ANALYSIS: MOTION FOR CLASS CERTIFICATION**

"For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." <u>Klay v. Humana, Inc.</u>, 382 F.3d 1241, 1250 (11th Cir.2004). "A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." <u>Vega v. T-Mobile USA, Inc.</u>, 564 F.3d 1256, 1266 (11th Cir. 2009) (quoting <u>Castano v. Am. Tobacco Co.</u>, 84 F.3d 734, 740 (5th Cir.1996)).  "The burden

of proof to establish the propriety of class certification rests with the advocate of the class." <u>Valley Drug Co. v. Geneva Pharms., Inc.</u>, 350 F.3d 1181, 1187 (11th Cir.2003). "The decision to certify is within the broad discretion of the district court . . . ." <u>Klay</u>, 382 F.3d at 1251.

Under Rule 23(a), every putative class first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). Additionally, Plaintiff seeks class certification pursuant to Rule 23(b)(3) which requires that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). Pertinent to the Rule 23(b)(3) inquiry are:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

<u>Id.</u>

Defendant acknowledges that there are 531 members of the proposed class, and does not challenge the satisfaction of the numerosity requirement in this case.

Therefore, upon consideration, the court determines that the class is so numerous that joinder is impracticable.

The commonality requirement demands only that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). "This part of the rule 'does not require that all the questions of law and fact raised by the dispute be common,' or that the common questions of law or fact 'predominate' over individual issues." Vega, 564 F.3d at 1268 (citations omitted). "The threshold for commonality is not high." Powers v. Gov't Employees Ins. Co., 192 F.R.D. 313, 317 (S.D. Fla. 1998). It is apparent that there will be some questions of law and fact common to Florida residents who purchased Defendant's annuity policies and who have allegedly been harmed by the Defendant's unlawful and unilateral change to the accounting methods for dividend payments. The most obvious common question is whether there has been a breach of contract.

Regarding the adequacy component, "[c]ourts traditionally hold that it is necessary to determine: (1) that the plaintiff's attorney is qualified, experienced and will competently and vigorously prosecute the suit; and (2) that the interest of the class representative is not antagonistic to or in conflict with other members of the class." Id. (citing Griffin v. Carlin, 755 F.2d 1516, 1533 (11th Cir.1985)). Defendant has not challenged certification on this issue. Upon review of the record before it, the Court finds that Plaintiff's attorneys appear competent and well-qualified to prosecute this matter, and there is no apparent conflict with the Plaintiff's claims and the interests of the class members.

However, for the reasons expressed below, the Court determines that the motion for class certification must be denied, as the Plaintiff has failed to meet her burden of

satisfying the remaining prerequisites of typicality, predominance, and superiority, as required by Federal Rule of Civil Procedure 23(a)(3) and (b)(3).

A. Application of Multiple State Laws

The Parties appear to be in agreement that Wisconsin law governs this dispute. Upon the Court's own review, the Court determines that reference to Wisconsin law is proper in this case. See Mukamal v. Bakes, 378 F. App'x 890, 897 (11th Cir. 2010) ("Federal courts sitting in diversity apply the forum state's choice of law rules. . . . The Florida Business Corporation Act provides that the internal affairs of a corporation are governed by the laws of the state of incorporation.") (internal citations omitted); Chatlos Found., Inc. v. D'Arata, 882 So.2d 1021, 1023 (Fla. 5th DCA 2004) ("Claims involving 'internal affairs' of corporations, such as the breach of fiduciary duties, are subject to the laws of the state of incorporation."); *Black's Law Dictionary* 820 (7th ed. 1999) (Internal affairs include "[m]atters that involve only the inner workings of a corporation, such as dividend declarations . . . ."); Kimberly-Clark Corp. v. Factory Mut. Ins. Co., 566 F.3d 541, 549 (5th Cir. 2009) ("As the Wisconsin Supreme Court acknowledged, there is a 'complete analogy' between the 'rights of members in a mutual insurance company and stockholders in a stock company in and to such a surplus.'") (citing Zinn v. Germantown Farmers' Mut. Ins. Co., 111 N.W. 1107, 1108 (Wis. 1907)).

Pursuant to Wisconsin law, other states' laws will apply to determine the interpretation of the annuity contracts at issue, pursuant to the breach of contract claim, depending largely on where the annuity contracts were purchased. See Noonan, 2006 WL 3314622, at *6, ¶ 19 n.14 (Wis. App. 2005) ("The circumstances under which each putative class member purchased annuities and where each 'final significant event'

occurred is relevant under Wisconsin law for determining which state's law to apply to a breach of contract claim."); Solberg v. Metro. Life Ins. Co., 185 N.W.2d 319, 321 (Wis. 1971) ("Those cases holding that state law applies have relied upon the traditional rule of conflicts which states that rights created under an insurance policy are determined by the law of the state where the insured was domiciled when he applied for the policy."); Abraham v. Gen. Cas. Co. of Wisconsin, 576 N.W.2d 46, 53-54 (Wis. 1998) ("[A] claim sounding in contract is a 'foreign cause of action' when the final significant event giving rise to a suable claim occurs outside the state of Wisconsin."). Accordingly, it is reasonable that the Wisconsin state courts certified the declaratory judgment class of Wisconsin residents, who purchased the annuity contracts while Wisconsin residents, in the LaPlant case, yet denied certification of a national damages class in the Noonan case for reasons of unmanageability. See Sisters of St. Mary v. AAER Sprayed Insulation, 445 N.W.2d 723, 725 (Wis. App. 1989) (noting that the manageability inquiry under Wisconsin state law mirrors the manageability inquiry pursuant to Fed. R. Civ. P. 23(b)(3)).

The proposed class in this case, though limited to Florida residents, includes annuitants who purchased the annuity contracts in various states. While Plaintiff would have the Court apply Wisconsin substantive law uniformly to all of the hundreds of contracts involved in the case and purchased in 35 separate jurisdictions, despite clear Wisconsin precedent to the contrary as well as the reasoning of the Wisconsin Court of Appeals that multiple state contracts laws would be implicated in the case when affirming the denial of certification of a national class, of which Plaintiff was a member, and in regards to the same dispute as is at issue in this case, the Court determines that

such a result is untenable and clearly contrary to the basic principles of conflicts of law and judicial comity.

Moreover, Plaintiff has failed to show that applying the various state laws potentially at issue in this case would be manageable. Indeed, Plaintiff has conducted no comparison of the laws of the various states in which members of the class purchased the annuity contracts. "The burden of showing uniformity or the existence of only a small number of applicable standards (that is, 'groupability') among the laws of the . . . states rests squarely with the plaintiff[]." Klay, 382 F.3d at 1262; see also Vega, 564 F.3d at 1267 ("[A] plaintiff still bears the burden of establishing every element of Rule 23, and a district court's factual findings must find support in the evidence before it.") (internal citations omitted); Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc., 601 F.3d 1159, 1180 (11th Cir. 2010) ("Undeniably, it falls to the plaintiff to demonstrate the homogeneity of different states' laws, or at least to show that any variation they contain is manageable."). "To certify a multi-state class action, a plaintiff must prove through extensive analysis that there are no material variations among the law of the states for which certification is sought." Powers, 192 F.R.D. at 318. See, e.g., Walsh v. Ford Motor Co., 807 F.2d 1000, 1001 (D.C.Cir.1986) ("Nationwide class action movant must credibly demonstrate, through an extensive analysis of state law variances, that class certification does not present insuperable obstacles."); Rohlfing v. Manor Care, Inc., 172 F.R.D. 330, 341 (N.D.Ill.1997) (denying class certification because plaintiff failed to carry her burden of demonstrating the similarity of the laws of the thirteen states.).

The absence of any such analysis is particularly troublesome in the area of

contracts, because the manner in which to construe the contract language and the availability and scope of certain contractual defenses will vary depending on the laws of the different states. For instance, in the Noonan case, the Wisconsin Court of Appeals noted that while the representative plaintiffs' contracts were unambiguous under Wisconsin law, as other states which might be involved in the class litigation have varying standards for ambiguity, a contrary result could be reached under the contracts laws of other states. Noonan, 2006 WL 3314622, at *6, ¶ 19 n.13. State laws also vary regarding the admissibility of extrinsic evidence in contract interpretation. See Duchardt v. Midland Nat. Life Ins. Co., 265 F.R.D. 436, 446 (S.D. Iowa 2009) ([T]he law[s] of 47 states in which the FIAs were sold vary as to their rules governing contract interpretation, especially regarding the use of extrinsic evidence in contract interpretation . . . .").

Moreover, in the Noonan litigation, the Wisconsin Court of Appeals also recognized that the breach of fiduciary duty claim, available under Wisconsin law, may be unavailable depending on the applicable state law.  See Noonan, 2006 WL 3314622, at *5,  ¶ 18. The Wisconsin Court of Appeals also noted that determining the appropriate state's statute of limitation for each contract would vary upon the analysis, pursuant to Wisconsin state law, of where and when the "final significant event" giving rise to the claim occurred. Id. ¶ 17. The Court notes that pursuant to Rule 23(b)(3)(C), "the extent and nature of any litigation concerning the controversy already begun by or against class members" is relevant to the issues of predominance and superiority. Accordingly, the Court has placed ample weight on the Wisconsin courts' determination that the application of multiple states' laws would threaten the manageability of class

treatment of the instant dispute.

B.	Material Factual Differences Among Class Members

In this case, class members purchased annuities from various sales agents across the country. As noted above, the availability and scope of contracts defenses will vary according to the law that is applicable to particular contracts. Thus, certain facts relating to, for instance, the purchase of the annuity contracts and the annuitants' understanding of the contracts may be relevant to the cases of certain class members while being irrelevant to the claims of others. The factual differences themselves, as well varying standards for the legal effect of such facts, render class action an inappropriate vehicle for the resolution of this dispute. See Keyes v. Guardian Life Ins. Co. of America, 194 F.R.D. 253, 256 (S.D. Miss. 2000) ("[I]ndividual issues, particularly relating to the specific sales presentations to individual class members and individual class members' reliance, substantially predominate over those common issues and render class certification inappropriate.").

The Court notes that "[i]t is the form contract, executed under like conditions by all class members, that best facilitates class treatment." Sacred Heart, 601 F.3d at 1171. In the present case, there are two types of annuity contracts at issue in the proposed class action. Plaintiff has not shown that, despite the two types of contracts having been purchased from different agents throughout the United States, there was uniformity of the conditions under which the contracts were executed. The Defendant has indicated that it will pursue the defenses of waiver, notice, and estoppel, as available under state law, which renders the circumstances of purchase and the individual understandings of annuitants' subsequent to purchase, including when and

how the annuitants' became aware of the alleged breach of contract, relevant to the case.

> Even the most common of contractual questions-those arising, for example, from the alleged breach of a form contract- do not guarantee predominance if individualized extrinsic evidence bears heavily on the interpretation of the class members' agreements. The risk of voluminous and individualized extrinsic proof runs particularly high where a defendant raises substantial affirmative defenses to breach.

Id. at 1176-77. "Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)." Klay, 382 F.3d at 1255.

Upon review of the obstacles to class treatment outlined above, the Court now turns to the analysis of the remaining prerequisites for class certification under Federal Rule of Civil Procedure 23. Rule 23(a)(3) requires the named representative of the class to show that the claims and defenses of the representative party are typical of the claims and defenses of the class. "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." Busby v. JRHBW Realty, Inc., 513 F.3d 1314, 1322 (11th Cir.2008) (internal citations omitted). The Court determines that plaintiff has not met her burden of establishing that her claims are typical of the members of the class. Plaintiff has not described that the annuity contracts of the class members were purchased under conditions similar to her own, and has not revealed the conditions of her own purchase. Additionally, as described above, Plaintiff has not shown that her breach of fiduciary duty claim, available to her as a Wisconsin purchaser of the annuity contract, is likewise

available to other members of the purported class, despite the Wisconsin Court of Appeals explanation in Noonan that the claim may be unavailable depending on the applicable state law.

However, even assuming that Plaintiff has established the typicality prerequisite, class certification is impermissible because the Plaintiff has not satisfied the Rule 23(b) prerequisites of predominance and superiority. "Even if the court can identify common questions of law or fact, however, '[t]he predominance inquiry ... is far more demanding than Rule 23(a)'s commonality requirement.'" Vega, 564 F.3d at 1270 (quoting Rutstein v. Avis Rent-A-Car Sys., Inc., 211 F.3d 1228, 1233 (11th Cir.2000) (quotations omitted)). Common issues of fact and law predominate if they "ha[ve] a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." Ingram v. Coca-Cola Co., 200 F.R.D. 685, 699 (N.D.Ga. 2001). "Although there is no categorical bar to class treatment where the law of multiple states will apply, courts have expressed some skepticism of such treatment, particularly in substantive areas where the content of state law tends to differ." Sacred Heart, 601 F.3d at 1180. For the reasons expressed above, the Court finds that the multiple legal differences expected to be implicated by the reference, as required by established Wisconsin law, to multiple states' contract, breach of fiduciary duty, and limitations laws, and the multiple factual scenarios involving the purchase and understanding of the annuity policies at issue and the time and location of the realization of the alleged breach will not be predominated by the common question of whether the Defendant breached the annuity policy by altering the method for allocating payments.

The superiority inquiry assesses "the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." <u>Klay</u>, 382 F.3d at 1269. The benefit of a class action is the orderly resolution of multiple identical and related claims. The breadth of issues, legal and factual, potentially involved in the proposed class litigation threatens to devolve into a mess of mini-trials which would defeat the purpose of class treatment. Moreover, Florida is not an especially desirable forum for the resolution of contracts claims under several other states' laws, including Wisconsin's. This Court is in agreement with those in Wisconsin that such a multi-state litigation as is proposed here is unmanageable.

CONCLUSION

After careful consideration, it is hereby ORDERED AND ADJUDGED as follows:

1. The Motion for Class Certification (doc. 30) is DENIED.

2. The Motion to Strike Class Allegations (doc. 15) is denied as moot.

DONE AND ORDERED this <u>twenty-first</u> day of July, 2011.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge